IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINTON D. LOWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 25-1009-CFC |
| ) | |
| VITALCORE HEALTH ) | |
| STRATEGIES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

AND NOW, on this 20th day of October 2025, having granted Quinton D. Lowman (who, at the time of filing, was serving a sentence for a state criminal conviction at Sussex Correctional Institution in Georgetown, Delaware) leave to proceed *in forma pauperis* (D.I. 5), and having screened Plaintiff's *pro se* complaint (D.I. 3), pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

IT IS HEREBY ORDERED that:

1. VitalCore Health Strategies is **DISMISSED** as a party to this action for failure to state a claim. To state a claim against VitalCore, Plaintiff "must provide evidence that there was a relevant [VitalCore] policy or custom, and that the policy caused the constitutional violation" alleged, *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978)) because 42 U.S.C. § "1983 will not support a claim

based on a *respondeat superior* theory of liability" alone, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). The complaint alleges no such VitalCore policy or custom. (*See* D.I. 3.)

2. Dr. John Visidi is **DISMISSED** as a party to this action for failure to state a claim. This Court affords considerable deference to a provider's medical judgment in treating an inmate's medical condition. *See Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Mere disagreement regarding the appropriate course of treatment or medication does not violate the Eighth Amendment. *See Monmouth Cty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346 (3d. Cir. 1987). "[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *United States ex rel. Walker v. Fayette County*, 599 F.2d 573, 575 n.2 (3d Cir. 1979). The complaint alleges, at most, mere disagreement between Plaintiff and his doctor regarding the appropriate court of treatment for Plaintiff's medical condition. (*See* D.I. 3.)

3. Any medical John and Jane Doe Defendants are **DISMISSED** as parties to this action for failure to state a claim. A violation of the Eighth Amendment arising from medical mistreatment requires a showing of deliberate indifference, and the facts alleged do not suggest deliberate indifference by any

medical provider to Plaintiff's medical needs. *See Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (explaining that deliberate indifference requires something "more than negligence"); *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (finding deliberate indifference cannot be established by the failure of a non-physician to respond to the medical complaint of a prisoner already under treatment).

4. Any John and Jane Doe Defendants merely alleged to have been involved in the grievance process are **DISMISSED** as parties to this action for failure to state a claim. "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Relatedly, when "a prison grievance examiner becomes aware of potential mistreatment, the Eighth Amendment does not require him or her to do more than review the prisoner's complaints and verify with the medical officials that the prisoner was receiving treatment." *James v. Pennsylvania Dep't of Corr.*, 230 F. App'x 195, 198 (3d Cir. 2007) (internal quotation marks omitted) (internal alterations omitted).

5. Defendant C/O Rebman, and other John or Jane Doe Defendants alleged to have disregarded Plaintiff's bottom bunk memorandum, are **DISMISSED**

3

as parties to this action for failure to state a claim. While allegations of deliberate disregard for a bottom bunk assignment based on a serious medical need can raise a cognizable Eighth Amendment conditions of confinement claim, *see, e.g., Flamer v. Howard R. Young Corr. Inst.*, No. CV 14-797-RGA, 2014 WL 6679582, at *3 (D. Del. Nov. 21, 2014), additional information is needed for Plaintiff to state such a claim.

6.  Plaintiff is **GRANTED** leave to file an amended complaint that cures the deficiencies discussed above, **on or before November 21, 2025.** *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) ("We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'")

7.  If no amended complaint is timely filed, the Clerk of Court is directed to **CLOSE** this case.

_____
Chief Judge